UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JALAL PARIROKH,

          Debtor.

_____/

Case No. DG 11-05409
Hon. Scott W. Dales
Chapter 7

MEMORANDUM ORDER REGARDING
SALE OF AVOIDANCE ACTIONS

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

## I.  INTRODUCTION

Nearly two years into the case, chapter 7 trustee Thomas A. Bruinsma (the "Trustee") filed a Motion for Sale of Interest in Certain Causes of Action Free and Clear of Liens Pursuant to 11 U.S.C. § 363 (the "Motion," DN 89).  Through the Motion, the Trustee seeks authority to sell the estate's right under chapter 5 (or otherwise) to avoid unspecified transfers that the Debtor may have made to his spouse, Iryna Averycheva ("Ms. Averycheva").  The court held a hearing in Kalamazoo, Michigan, on May 1, 2013, to consider the Motion and Ms. Averycheva's objection.

In order to prevent the time-bar of § 546 from robbing the estate of the value the Trustee hopes to derive from the sale, the court must rule on the Motion promptly and, given the circumstances, succinctly.  For the following reasons, the court will deny the Motion.

## II.  THE PROPOSED TRANSACTION

The transaction the Trustee describes in the Motion is simple:  he intends to sell "Avoidance Actions" defined broadly as "potential causes of action against [Ms. Averycheva] under 11 U.S.C. § 544 *et seq*., including, without limitation, fraudulent -- and preferential --

transfer actions and any other applicable actions under State or Federal law." *See* Motion at ¶ 3. At the hearing, Trustee's counsel conceded that, given the estate's limited resources, the Trustee has been unable to identify with any confidence the precise transfers to be avoided or, for that matter, specific theories of claim. Nor was he certain whether the cause of action under § 544 would import Michigan or California versions of the Uniform Fraudulent Transfer Act. So, to make the best of a bad situation and capture some value, the Trustee proposes to sell to Commercial Property Development Company, LLC ("CPDC") whatever the estate has to sell under chapter 5 or otherwise, for $5,000.00 and 10% of CPDC's net recovery, subject to higher offers at a courtroom auction.

### III. ANALYSIS

A. General Legal Framework

At the hearing, the parties identified a split of authority concerning a trustee's authority to sell avoidance actions, exemplified by cases such as *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253 (5th Cir. 2010), and *Duckor Spradling & Metzger v. Baum Trust* (*In re P.R.T.C., Inc.*), 177 F.3d 774, 781 (9th Cir. 1999), which take a liberal approach to such authority, and *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery* (*In re Cybergenics Corp.*), 226 F.3d 237, 242 (3d Cir. 2000), which takes a dimmer view. The parties agreed that the Sixth Circuit has not resolved the controversy. Although the Sixth Circuit, like many courts, recognizes derivative standing of non-trustees to assert avoidance actions, *see Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436, 1446 (6th Cir.1995), the Trustee has not cited, and does not rely on, derivative standing cases.[1] Similarly,

---

[1] Rather, in exchange for $5,000.00 and 10% of CPDC's net recovery, CPDC intends to sue Ms. Averycheva for its own sake, not on the estate's behalf or as its fiduciary.

because the Debtor filed a chapter 7 petition, § 1123 provides no direct authority for the sale. *See* 11 U.S.C. § 103(f) (applicability of chapters).

At the heart of the controversy surrounding the Motion is whether the Trustee is proposing to sell "property of the estate" in the form of the Avoidance Actions, or whether the Avoidance Actions are not included in the "property of the estate." *See* 11 U.S.C. § 363(b) (authorizing trustee to sell property of the estate). Here, the Trustee asserts that the Avoidance Actions are included within the estate, so he must persuade the court that he has an interest to sell. 11 U.S.C. § 363(p). He must also persuade the court that it should authorize him to sell it. *See generally, In re Embrace Systems Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995). The Trustee failed to persuade the court on both counts.

B.      Sale of Avoidance Actions as Estate Property

Regarding whether the Avoidance Actions are included within the property of the estate, the court finds the Third Circuit's decision in *Cybergenics* better-reasoned, and therefore more persuasive than, for example, the Fifth Circuit's decision in *Moore* and similar authorities, many of which arise in chapter 11 cases. First, the court is not convinced that the estate's Avoidance Actions are included within the property of the estate, as defined in § 541 and required for a sale under § 363. Rather, the Third Circuit's characterization of chapter 5 rights as "powers" is more consistent with the Bankruptcy Code and, at least with respect to § 544, applicable non-bankruptcy law. That court explained, by analogy:

> Much like a public official has certain powers upon taking office as a means to carry out the functions bestowed by virtue of the office or public trust, the debtor in possession is similarly endowed to bring certain claims on behalf of, and for the benefit of, all creditors.

*In re Cybergenics Corp.*, 226 F.3d 237, 244 (3d Cir. 2000).  Just as we do not permit public officials to sell the powers of their office or delegate their authority to private actors, so should we pause when a trustee proposes what amounts to the same thing.

The Third Circuit also cautioned other courts not to confuse the fraudulent conveyance rights under UFTA, which belong not to a debtor but to his creditors, with the prepetition causes of action that the estate succeeds to under § 541(a) upon the commencement of a case.  *Id.*  The Fifth Circuit, however, committed that very error when it held that fraudulent conveyance actions under state law are included within the estate under § 541(a)(1).  *Moore*, 608 F.3d at 259-60.  That court did not explain why prepetition causes of action under UFTA, which belong to creditors, could qualify as "legal or equitable interests of the *debtor* in property as of the commencement of the case."  11 U.S.C. § 541(a)(1) (emphasis added).  Moreover, Congress has decided that only after avoidance and recovery under § 550[2] will the property allegedly conveyed in fraud of a debtor's creditors be included in the property of the estate.  *Id*. § 541(a)(3); *Meoli v. Huntington National Bank (In re Teleservices Group, Inc.)*, 463 B.R. 28, 33-24 (Bankr. W. D. Mich. 2012) (discussing *FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125, 132 (2nd Cir.1992)).

Moreover, in an admittedly different context, the United States Supreme Court held that the term "trustee" as used in § 506(c) means only the trustee, and not a creditor, such as CPDC, suing on its own behalf.  *Cf. Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530

---

[2] Without avoidance, there can be no recovery.  *See* 11 U.S.C. § 550(a) (authorizing recovery "to the extent that a transfer is avoided . . .").

U.S. 1, 9 (2000) ("by far the most natural reading of § 506(c) is that it extends only to the trustee").[3]

For all of these reasons, and in the absence of controlling authority from within our own Circuit, the court rejects the analysis exemplified in *Moore* for the rationale of *Cybergenics,* and concludes that the Avoidance Actions are not property of the estate which the Trustee can sell under § 363(b).[4]

C.      Authority to Sell Under § 363(b)

Regarding whether the sale of the Avoidance Actions is in the best interests of the estate as required under § 363(b), the fact that the Trustee has not identified with any precision the transfers at issue, the theories of avoidance, or possible defenses, precludes the court from approving this aspect of the Motion. *In re Embrace Systems Corp.*, 178 B.R. at 123 ("A sale of assets is appropriate if all provisions of § 363 are followed, the bid is fair, and the sale is in the best interests of the estate and its creditors").  Neither the court nor the Trustee may meaningfully evaluate causes of action defined in exceedingly broad, categorical, and therefore unspecific, terms.

IV.  CONCLUSION AND ORDER

The Trustee has failed to persuade the court that the Avoidance Actions constitute property of the estate (as opposed to powers of a trustee), or that the sale meets the minimum requirements for approval under § 363(b), even assuming, *arguendo*, that the subject matter of the Motion were included within the property of estate.  The fact that the Avoidance Actions in

---

[3] The Supreme Court had no occasion to disturb the practice of permitting derivative standing to assert avoidance actions on the estate's behalf, as contemplated in cases such as *Gibson Group*. *See Hartford Underwriters*, 530 U.S. at 13, n. 5.

[4] Accordingly, it is unnecessary to consider whether Ms. Averycheva may bid at any courtroom auction regarding the Avoidance Actions, an issue reserved during the May 1, 2013 hearing.

the hands of the Trustee may soon be time-barred does not change the court's conclusion in this regard.[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 89) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Daniel W. Linna, Jr., Esq., Cody Knight, Esq., Jason Bank, Esq., and the United States Trustee.

END OF ORDER

---

[5] A different limitation period may apply to creditors under the UFTA. *Compare* 11 U.S.C. § 546(a) (limitation period for trustees) *with* M.C.L. § 566.39 (or Cal. Civ. Code § 3439.09) *and* 11 U.S.C. § 108(c) (extending limitation periods for creditors).

**IT IS SO ORDERED.**

**Dated May 2, 2013**



Scott W. Dales
United States Bankruptcy Judge