UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JALAL PARIROKH,  fdba LEILA, LLC,
fdba HULK, LLC, fdba VIDEO MASTER,
fdba ELBIFA, LLC, fdba ARTEMISIA, LLC,

          Debtor.

_____/

Case No. DG 11-05409
Hon. Scott W. Dales
Chapter 7

### MEMORANDUM OF DECISION AND ORDER
### REGARDING APPLICATION TO RETAIN COUNSEL

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

## I. INTRODUCTION

Thomas A. Bruinsma (the "Trustee") commenced suit against the Debtor's estranged wife, Iryna Averycheva ("Ms. Averycheva"), to avoid and recover several property transfers that the Debtor may have made to her.  To assist him in exercising his avoidance powers, the Trustee seeks to retain the Sielatycki Law Firm, PLC (the "Firm") and has filed an Application for Order Authorizing Trustee to Employ Special Litigation Counsel (the "Application," DN 102).  Ms. Averycheva opposes the Application principally because the Firm represents the Debtor's largest creditor, Commercial Property Development Company ("CPDC"), and, therefore, in her view, has a disqualifying conflict of interest.

The court held a hearing in Grand Rapids, Michigan, on November 20, 2013, to consider the Application and the objection.  Following oral argument from the Trustee, Ms. Averycheva, and the United States Trustee, the court took the matter under advisement.  For the following reasons, the court will approve the Application.

## II.  ANALYSIS

A.  Appointment of Counsel Under § 327

A trustee's authority to retain professionals, including counsel, depends upon compliance with § 327 and the court's approval.  At the hearing, the Trustee's counsel clarified that his client is not relying on § 327(b) (as the court has not authorized the Trustee to operate any business in this case) or § 327(e) (which applies when a trustee seeks to retain the debtor's counsel for a limited purpose).  Instead, the Trustee is relying on § 327(a) and (c) as authority to retain the Firm.  The relevant portions of § 327 provide as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> . . .
>
> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327.  Ms. Averycheva contends that the Firm has a disqualifying conflict of interest because it represents CPDC and, if the court grants the Application, the bankruptcy estate.  The Trustee contends that Ms. Averycheva lacks standing to complain about his choice of counsel and that, in any event, the Firm is qualified to represent him.

The court will independently review the Application after addressing the preliminary question of Ms. Averycheva's standing.

B. Standing

To the extent that Ms. Averycheva asks the court to disqualify the Firm under § 327, the court is not convinced that she has standing to make that argument. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (party asserting standing has the burden to establish it). Section 327 is designed to protect the integrity of the bankruptcy process by bringing transparency to a trustee's all-important decision about which professionals will be providing advice, advice that is likely to have an impact on the administration of the case and property of the estate.

The United States Trustee, who enjoys statutory standing under § 307, and creditors, who stand to gain or lose in a pecuniary sense from many of a trustee's decisions, are naturally regarded as parties with an interest in ensuring a trustee receives competent and disinterested advice. A defendant in an adversary proceeding, who concedes that she is not a creditor, is not similarly situated. Although Ms. Averycheva certainly has a pecuniary interest in the outcome of the adversary proceeding, she has no such interest in the Trustee's decision to retain the Firm. *In re Stone*, 2003 WL 25273852, Slip. Op., Case No. 03-40013 (Bankr. D. Idaho June 11, 2003) (discussing standing and objections to appointment under analogous facts). Permitting Ms. Averycheva to make arguments that the statute reserves to the United States Trustee and creditors runs afoul of the balance Congress struck in § 327(c) and the prudential limitation that prevents a party from raising a third party's rights. *Warth v. Seldin*, 422 U.S. 490, 499-500 (1975) (typically, a party must assert its own legal rights and interests, and cannot rely on the legal rights or interests of third parties).

In general, courts do not permit litigants to exercise veto power over their adversaries' choice of counsel. When courts do consider disqualification motions on the merits, it is

generally because of a prior relationship between the lawyer whose employment is under the microscope and the party seeking disqualification. In such cases, the complaining party understandably desires to protect client confidences, secrets, and inside knowledge that may lead to prejudice in the proceeding. There is no similar concern in the present case.

The gist of Ms. Averycheva's challenge is that the court should not permit the Trustee to employ an attorney that represents a creditor (CPDC), a situation that Congress squarely addressed in § 327(c). Section 327(c) reinforces the court's conclusion that Ms. Averycheva lacks standing to seek to disqualify the Firm based on its relationship with CPDC. As noted above, Ms. Averycheva is not a creditor. Under the statute, only the United States Trustee, a creditor, or the court, may object on the basis of dual representation. 11 U.S.C. § 105(a) (court may raise issues *sua sponte* to carry out provisions of title 11) & § 327(c) (United States Trustee or creditor may object based on simultaneous representation of trustee and creditor). Neither the United States Trustee nor any creditor opposes the Application. Moreover, the court's duty to disqualify counsel on this basis arises only when (1) one of the enumerated entities objects, and (2) there is an actual conflict.

Although the court indulged Ms. Averycheva's counsel during oral argument, she lacks standing to complain about the Trustee's proposed retention of a creditor's counsel. The court will not permit a non-creditor defendant to use § 327 to gain a tactical advantage in bankruptcy litigation.

C. Merits of the Application

To grant the Application, the court must find that the Firm does not hold or represent an interest adverse to the estate and that the firm is a "disinterested person." 11 U.S.C. § 327(a). There is no suggestion that the Firm holds any interest with respect to the estate, let alone an

adverse interest.  The Firm does, however, represent CPDC, which as a creditor does hold an interest.

Perhaps if the Trustee were challenging CPDC's claim or suing CPDC on an avoidance theory or some other grounds, the court could find that the Firm represents an adverse interest, but there is no suggestion of this in the record.  The court does not believe that simply filing a claim to participate in the distribution of estate assets constitutes adversity to the estate.   The fact that the Firm represents a creditor, therefore, is not, in itself, disqualifying.  If it were otherwise, § 327(c) would not read as it does.

Here, because CPDC's fortunes will rise with every dollar that results from the Trustee's successful prosecution of the estate's claims against Ms. Averycheva, its interests are not adverse to the estate.  *See, e.g., Schafer v. Maerlender (In re Maerlender)*, 2006 WL 996556, Slip Op., Adv. No. 04-2034 (Bankr. M.D.N.C. Apr. 14, 2006) (citing cases).  The Trustee is not retaining the Firm to give general advice, but only in connection with the suit against Ms. Averycheva.  Under these circumstances, the court is persuaded that the Firm does not hold or represent an interest adverse to the estate.

Under § 327(a), the court must also consider whether the Firm qualifies as a "disinterested person," a term which means that the Firm:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).   First, the Firm is not a "creditor" because it has no claim against the Debtor that arose before the order for relief or that is treated as if it had arisen at that time.  *See* 11 U.S.C. § 101(10).  The Firm may have claims that arise in the course of its employment, but these post-petition claims do not make the firm a "creditor" as the Code defines the term.  And according to the affidavit submitted in support of the Application, the Firm has no disqualifying relationships with Mr. Parirokh.  Finally, for the reasons mentioned in connection with the court's discussion of § 327(c), the Firm passes as a disinterested person, notwithstanding § 101(14)(C).  *In re Maerlender, supra* (characterizing § 327(c) as an exception to the disinterestedness requirement).

Traditionally, and under the statute, the United States Trustee plays an important role in vetting estate professionals, at least for compliance with the Bankruptcy Code's requirements. Here, the United States Trustee's only compunction about the Firm's retention is the possibility that the Firm's fees may consume the entire recovery and leave no benefit for creditors. Although the court acknowledges that possibility, the court nevertheless concludes that the possibility of recovery that is created by the retention  is benefit enough, even assuming a benefit to the estate (beyond the advice that the Trustee receives from any professional) is a condition of a professional's retention in the first place.  Courts typically consider the benefits of counsel's representation not at the time of appointment, but instead when the attorney seeks compensation for services rendered.  *Compare* 11 U.S.C. § 327 (no discussion of benefit to estate) *with* § 330(a)(3)(C) (allowing "reasonable compensation" based in part on necessity or benefit of the services at the time rendered).  Regardless, the court recalls that the Trustee initially intended to sell the avoidance powers shortly before § 546's deadline for filing suit because the estate could not afford to exercise them.  If the Firm's involvement preserved the possibility of avoidance and

recovery, that is benefit enough to justify the retention.  The court will consider the Firm's more concrete contributions, if any, in connection with a request for approval of its fees much later in the proceeding.

The court is constrained to observe that the retention is somewhat unusual in that the creditor (CPDC), rather than the professional to be retained, is financing the retention.  In any attorney-client relationship not involving a retainer or prepayment of fees, the lawyer or law firm inevitably extends some credit.  Quite sensibly, courts do not insist upon compliance with § 364 under these circumstances, probably because extending such credit inheres in the relationship and the inevitable delay resulting from the requirement of approval of fees under § 330.  Here, however, CPDC—not the Firm—is extending credit to the bankruptcy estate and using the possible recovery under § 550 as collateral.

The court has considered the arrangement and notes that neither the United States Trustee nor any creditor has objected on this basis.  Although the arrangement implicates § 364 and Rule 4001(c), and the Trustee has not separately identified the statute and rule or formally attempted to comply with either, under the circumstances, the court concludes that the Trustee has substantially complied with both.  In reaching this conclusion, the court infers from the Trustee's earlier attempt to sell the avoidance powers that the Trustee requires financing and that unsecured credit is not a realistic option.  *See* Motion for Sale of Interest in Certain Causes of Action Free and Clear of Liens Pursuant to 11 U.S.C. § 363 (DN 89) at ¶ 13.  Given CPDC's knowledge of the Debtor and the transactions at issue, its large share of any dividend, and its willingness to assume the risk of non-recovery, CPDC is a reasonable source of financing. In effect, the financing is non-recourse, as the Firm and CPDC may look only to the proceeds of the lawsuit for reimbursement.  Moreover, as the Trustee's counsel noted during the hearing, the

Firm will be instrumental in creating the fund from which its fees will ultimately be reimbursed, and charging liens securing attorney fees are common outside of bankruptcy court. The court approves the financing of the fees, including the liens, in the manner set forth in the Application. Nothing in the court's opinion today, however, should be read or cited as an invitation to encumber the proceeds of avoidance recoveries in favor of particular creditors, an issue that arises not infrequently in connection with first-day orders in a chapter 11 case. The court's aversion to such encumbrances continues, but the present case is unusual and calls for a dose of practicality.

### III.  CONCLUSION AND ORDER

The court will not permit litigants without standing or just cause to interfere with a trustee's choice of professionals. The Trustee, in his business judgment, has chosen counsel with a history of involvement with the issues in this case and with the Debtor (as his adversary, not as an insider). This familiarity provides substantial justification for the Trustee's decision, which the court will not lightly disturb. The court has independently and carefully reviewed the Application and finds that the Firm is qualified to represent the Trustee as special counsel under § 327(a).

Finally, because there is no request for *nunc pro tunc* relief, the court will follow its normal practice and approve the Application as of the date the Trustee filed it.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Application (DN 102) is APPROVED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Steve J. Sielatycki, Esq., Cody H. Knight, Esq., Jason W. Bank, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 26, 2013**



Scott W. Dales
United States Bankruptcy Judge